(No. 33859.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* 123 PUNCH BOARDS *et al.*—(HARRY A. CASSIDAY, Appellant.)

*Opinion filed May 23, 1956.*

TAYLOR E. WILHELM, of Mendota, for appellant.

LATHAM CASTLE, Attorney General, of Springfield, and CALHOUN W. J. PHELPS, State's Attorney, of Princeton, (FRED G. LEACH, EDWIN A. STRUGALA, and DONALD E. BLODGETT, of counsel,) for the People.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

The State's Attorney of Bureau County filed a petition in the county court to have certain property declared contraband and to have it destroyed or confiscated. The property consisted of 123 punch boards, two Western Union teletype machines, two pinball machines, $682 and $2706.99 of United States currency, and $398.89 of negotiable checks or bank drafts. After a hearing, the court ordered part of the property destroyed and the balance confiscated.

The appellant, Harry A. Cassiday, the owner of the property, appeals directly to this court, presumably on the theory that a constitutional question is involved. Appellant's "Points and Authorities" and "Argument" are confined to a single issue: namely, whether the county court had jurisdiction of the subject matter. In this regard, he cites the statute which limits the jurisdiction of county courts to cases where the amount claimed or the value of the property in controversy does not exceed $2000. (Ill. Rev. Stat. 1955, chap. 37, par. 177.) The value of the property here declared contraband being more than $2000, it is urged that the county court was without jurisdiction in the case. But this presents a problem of statutory construction only, no constitutional question being involved. And since this is the sole argument advanced in his original brief and since new points raised for the first time by reply brief will not be considered, all other allegations of error are deemed waived. (Supreme Court Rule 39; Ill. Rev. Stat. 1955, chap. 110, par. 101.39; *People ex rel. Frailey* v. *McNeely*, 376 Ill. 64, 70; *County of Du Page* v. *Henderson*, 402 Ill. 179, 190.) Accordingly, there is no basis for direct appeal to this court.

The cause is transferred to the Appellate Court, Second District.

*Cause transferred.*