THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT F. MAXWELL, Defendant-Appellant.

Third District    No. 80-138

Opinion filed November 10, 1980.—Modified on denial of rehearing December 4, 1980.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant, Robert Maxwell, was convicted of indecent liberties with a child following a jury trial. He was sentenced to eight years' imprisonment. In this appeal the defendant raises two issues: whether the record is sufficient to support his conviction of the felony of indecent liberties with a child or whether his conviction should be reduced to the misdemeanor of contributing to the sexual delinquency of a child; and whether the eight-year sentence imposed is excessive. We affirm.

At approximately 12:45 a.m. on September 22, 1979, the defendant drove the complaining witness, Cynthia Mitchell, home following a party given at the house shared by the defendant and Cynthia's older sister, Cathy J. Mitchell. On the way, according to Cynthia, the defendant stopped in a park and forced her by means of threats to·engage in sexual intercourse and oral sex. Cynthia admitted that she had smoked marijuana and drunk some beer during the party.

Two physicians and a nurse were called as witnesses for the prosecution. They, along with the victim's mother and several police officers, described the injuries suffered by the victim. According to the treating physician, the victim, who was 13 years of age at the time of the attack, received four lacerations, each two inches in length, along her vaginal tract. These wounds apparently caused severe pain, required 40 to 50 sutures to close, and resulted in the patient's hospitalization for four days, followed by a period of home rest. The doctor explained that Ms. Mitchell's sexual organs were underdeveloped for her age and that as a result it was impossible for her to experience complete sexual intercourse without injury.

The defendant, age 29, took the stand on his own behalf and·gave a much different account of the incident than that presented by Ms. Mitchell. He.testified that as he and Ms. Mitchell drove through the park she switched off the ignition several times. According to the defendant's account, she then started kissing him and voluntarily performed oral sex upon him. The defendant stated that he told her she was too young, but he admitted that they did have sexual intercourse.

Based on these facts the defendant was charged in an information with three offenses: rape, deviate sexual assault and indecent liberties with a child. The jury found the defendant guilty of the latter charge and acquitted him of rape and deviate sexual assault. These findings can only mean that the jury did not believe the sexual acts performed were against the complainant's will. However, as defense counsel acknowledged in his closing argument, consent is not a defense to a charge of indecent liberties with a child. (Ill. Rev.·Stat. 1979, ch. 38, par. 11—4.) No instructions were offered by the State or by defense counsel on the lesser included offense of contributing to the sexual delinquency of a child.

On appeal, the defendant argues that his conviction should be reduced from the felony offense of indecent liberties with a child to the Class A misdemeanor offense of contributing to the sexual delinquency of a child, relying primarily on *People v. Plewka* (1975), 27 Ill. App. 3d 553, 327 N.E.2d 457, to support his argument. The State maintains that the defendant has waived this issue by failing to request jury instructions on the lesser included offense and that there is no support in the record for the defendant's contention.

In a motion taken with the case the defendant, in response to the State's waiver argument, raises a third issue: whether defense counsel was ineffective for failing to offer instructions on the lesser included offense and failing to do everything possible to assure preservation of the issue on appeal. The State's response is twofold. First, the State contends that as a matter of policy this court should not allow the defendant's motion to add an issue after all briefs, including the defendant's reply brief, have been filed, because to do so unduly burdens the court and counsel's administrative tasks, requires additional briefs, and fails to gain any advantage which would not have been gained had the argument been raised in the defendant's original brief. The State's second contention is that, contrary to the defendant's position, it is not obvious that an ineffective assistance of counsel argument should be made since the failure to offer a jury instruction on a lesser included offense could well have been a tactical move on the part of defense counsel. By not offering the lesser included offense instruction and thus not offering a choice of verdicts between a felony and a misdemeanor, defense counsel may have hoped that the jury would be more likely to return a not guilty verdict if the choice between them was not guilty or guilty of the felony of indecent liberties with a child. *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227; *People v. Spataro* (1978), 67 Ill. App. 3d 69, 384 N.E.2d 553.

■■■ We will allow the defendant's motion to add the issue of defense counsel's effectiveness but do so with the admonition that such an issue, if addressed at all, should be raised in the reply brief, as it grows out of and is responsive to the waiver argument made by the State in its appellee's brief. (Ill. Rev. Stat. 1979, ch. 110A, par. 341(g).) Having allowed the motion, we conclude that the issue is without merit. The decision not to request jury instructions on the lesser included offense of contributing to the sexual delinquency of a minor was a tactical one lying properly within the province of trial counsel. We find no evidence of ineffectiveness in the decision made by defense counsel in the present case.

■■ Having so decided, we now determine that the defendant has waived the issue of the reduction of his conviction of indecent liberties with a child to the lesser included offense of contributing to the sexual delinquency of a minor by his failure to request instructions on the lesser offense. The opportunity to give those instructions was available to the defendant at trial; having refused to act on that opportunity, the defendant cannot now be heard to argue that missed opportunity as the basis for a reduction of the degree of his conviction. *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227; *People v. Spataro* (1978), 67 Ill. App. 3d 69, 384 N.E.2d 553.

Because we find the defendant has waived the issue of whether his

felony conviction should be reduced to the misdemeanor crime of contributing to the sexual delinquency of a minor, we need not examine the defendant's reliance on *People v. Plewka* in support of his reduction argument. We note, however, that *Plewka* is clearly distinguishable from the case at bar on its facts and provides no authority for the changes sought by the defendant. The present case is factually more similar to *People v. Hamelin* (1979), 75 Ill. App. 3d 445, 394 N.E.2d 566, in which the defendant's arguments seeking a reduction from indecent liberties to contributing to the delinquency of a minor were rejected.

■■ The defendant's final contention is that his eight-year sentence is excessive and should be reduced. A reviewing court's authority to reduce sentences is narrowly limited to those cases where the record clearly reveals that the trial court abused its discretion in imposing sentence. See *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882, and *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.

■■ Although the instant offense was the defendant's first felony conviction, he has a ten year history of criminal activity. In addition the record shows that the twenty-nine-year-old defendant engaged in sexual intercourse with a child age thirteen and the act caused severe injury to her. He further admitted that he had engaged in a deviate sexual act with the child.

Our supreme court stated in *Perruquet*:

> "A reasoned judgment as to the sentence to be imposed * * * depends upon many factors, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits and age. (Citation.) The trial judge in the course of the trial and sentencing hearing has an opportunity to consider these factors 'which is superior to that afforded by the cold record in this court.' " (68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.)

Following the above test in the light of the defendant's age, moral character and habits, we cannot conclude that the trial judge abused his discretion by imposing an eight-year sentence.

Accordingly, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.