THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RAYMOND ACCARDO, Defendant-Appellant.

Second District   No. 85—0087

Opinion filed December 20, 1985.

G. Joseph Weller and Marguerite S. Klimkowski, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:
Pursuant to a plea negotiation, defendant Raymond Accardo, en-

tered pleas of guilty to 12 counts of burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—1(a)) charged in a single information and one count of burglary charged in a separate information for another incident. He was sentenced to serve concurrent terms of probation of 36 months including, as conditions of probation, 100 hours of public service and payment of restitution. Subsequently, a petition for revocation of probation was filed by the State alleging the commission of a residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3(a)). Following an evidentiary hearing on the petition, the trial court found that defendant violated probation by committing the residential burglary, revoked defendant's probation, and sentenced him to concurrent seven-year terms of imprisonment on the two burglary informations for which he had been previously placed on probation.

At the hearing on the petition to revoke probation, the State's evidence established that a burglary occurred on November 30, 1984, between the hours of 8 a.m. and 3:35 p.m. at the home of Wayne and Mary Braun in Round Lake Beach. Officer Thomas Judd of the Round Lake Beach police department testified that on December 2, 1984, Officer Marsala advised him that he, Marsala, had stopped a person who told him that defendant may be wanted for a burglary and was then walking southbound on Cedar Lake Road. Judd stopped defendant. While checking defendant's name through the computer system, Judd observed that defendant acted edgy and appeared ready to flee the area. Also, Judd noticed a gang symbol on defendant's jacket. Knowing that gang members do carry weapons at times and not being able to see defendant's hands which were covered by gloves, he patted defendant down. Judd found a 19 inch knife tucked inside defendant's coat sleeve. He arrested defendant for unlawful use of weapons and transported him to the station.

Judd questioned defendant about his gang and told him he had information that defendant and other subjects committed a burglary at the Braun home. Judd stated that after talking with defendant on several occasions throughout the afternoon, defendant admitted committing the burglary at the Braun home along with two other persons. Defendant did not offer any evidence at the hearing.

Defendant raises two issues on appeal: (1) that the illegal stop was a violation of his fourth amendment right under the United States Constitution and, accordingly, the evidence flowing therefrom was not admissible at his probation revocation hearing; and (2) that his seven-year sentence of imprisonment was excessive.

In reply to defendant's argument that his fourth amendment rights were violated by an illegal stop, the State contends the issue is

waived for review because there was no motion to quash the arrest and suppress evidence during any of the proceedings below on the petition to revoke probation. In his reply brief, defendant asserts for the first time that his trial counsel did not provide him with effective assistance of counsel because he failed to properly preserve the issue of the illegal arrest. He contends that his ineffective assistance of counsel argument "grows out of and is responsive to the State's waiver argument," and cites as authority *People v. Maxwell* (1980), 89 Ill. App. 3d 1101, 413 N.E.2d 95.

■ It is well established that where the contention that a defendant was arrested without probable cause was not made in a motion to suppress during trial, or in a post-trial motion, and the issue is raised for the first time on appeal, the claim of error is waived. (*In re Lamb* (1975), 61 Ill. 2d 383, 387, 336 N.E.2d 753; *People v. Montgomery* (1972), 51 Ill. 2d 198, 202, 282 N.E.2d 138; *People v. Nilsson* (1970), 44 Ill. 2d 244, 246-47, 255 N.E.2d 432; see *People v. Hattery* (1985), 109 Ill. 2d 449, 466.) Defendant seeks to circumvent this waiver rule by raising a new argument in his reply brief that he received the ineffective assistance of counsel by his trial counsel's failure to adequately preserve the issue in the proceedings below.

■ An argument not raised in the initial brief is deemed waived for purposes of review. (See 87 Ill. 2d Rules 341(e)(7), (g); *Murdy v. Edgar* (1984), 103 Ill. 2d 384, 393, 469 N.E.2d 1085; *Village of Crainville v. Argonaut Insurance Co.* (1980), 81 Ill. 2d 399, 405, 410 N.E.2d 5; *People v. 123 Punch Boards* (1956), 8 Ill. 2d 520, 521, 134 N.E.2d 763.) Defendant contends, however, that his ineffective-assistance-of-counsel argument "grows out of and is responsive to the State's waiver argument," and cites a third district opinion, *People v. Maxwell* (1980), 89 Ill. App. 3d 1101, 413 N.E.2d 95, as authority for his position.

■ We acknowledge the *dictum* in that opinion which states that an ineffective assistance of counsel argument "if addressed at all, should be raised in the reply brief, as it grows out of and is responsive to the waiver argument made by the State in its appellee's brief." (*People v. Maxwell* (1980), 89 Ill. App. 3d 1101, 1104, 413 N.E.2d 95.) Notwithstanding this language, other decisions of the appellate court have not considered an argument of ineffective assistance of counsel made for the first time in a defendant's reply brief (see, *e.g., People v. Saunders* (1984), 122 Ill. App. 3d 922, 930, 461 N.E.2d 1006; *People v. Son* (1982), 111 Ill. App. 3d 273, 284, 443 N.E.2d 1115; *People v. Slaughter* (1980), 84 Ill. App. 3d 88, 94, 404 N.E.2d 1058), although issues first raised in a reply brief may be ad-

dressed if a just result dictates consideration of all the issues. (*People v. Brownell* (1984), 123 Ill. App. 3d 307, 319-20, 462 N.E.2d 936.) We conclude that the ineffective assistance of counsel argument first advanced in defendant's reply brief is not "confined strictly to replying to arguments presented in the brief of the appellee" as required under Supreme Court Rule 341(g) (87 Ill. 2d R. 341(g)) and, under the circumstances here, there should be no relaxation of the waiver rule.

Defendant's reply brief responds neither factually nor legally to the State's argument in its brief that a waiver occurred. Instead, the reply brief raises an entirely new issue, not claimed in the initial brief, to evade the State's waiver argument. Defendant could have anticipated the State's waiver argument. Were we to allow defendant to raise the effective assistance of counsel argument for the first time in his reply brief, the State will not have had the opportunity to respond. For these reasons, and having examined the nature of the ineffective assistance of counsel argument made, we do not address this argument. To the extent this holding is inconsistent with the *dictum* in *Maxwell*, we choose not to follow that reasoning.

■ We also must reject defendant's request to review the merits of his argument made in his initial brief, that there was an illegal stop in contravention of his fourth amendment rights, under the "plain error" doctrine pursuant to Supreme Court Rule 615(a) (87 Ill. 2d R. 615(a)). The legality of the arrest cannot be determined from the record as the only information on the issue is that offered by the State at the probation revocation hearing where the question of the legality of the arrest was not contested. The State was under no burden to adduce additional testimony to show the legality of the arrest, absent the issue being properly raised below by defendant, and we cannot penalize the prosecution for failing to introduce evidence to support an arrest under these circumstances. Thus, the "plain error" rule will not be applied given the incomplete nature of the record resulting from defendant's failure to raise the issue in the trial court. See *People v. Friesland* (1985), 109 Ill. 2d 449; *In re Lamb* (1975), 61 Ill. 2d 383, 387, 336 N.E.2d 753; *People v. Brown* (1982), 107 Ill. App. 3d 576, 588, 437 N.E.2d 1240; *People v. Speed* (1982), 106 Ill. App. 3d 890, 893-94, 436 N.E.2d 712; *People v. Calderon* (1981), 101 Ill. App. 3d 469, 476, 428 N.E.2d 571.

■ In addition, the "exclusionary rule," which prohibits the use in a criminal proceeding of evidence that was obtained illegally, generally does not apply to probation revocation proceedings. (*People v. Dowery* (1975), 62 Ill. 2d 200, 340 N.E.2d 529.) Although a possible exception to this rule may be recognized where there is "police

harassment" of the probationer (see *People v. Knight* (1979), 75 Ill. 2d 291, 298-99, 388 N.E.2d 414), without an allegation and proof below of "police harassment" we need not consider the issue. 75 Ill. 2d 291, 299, 388 N.E.2d 414.

■ Defendant's remaining contention on appeal is that the concurrent seven-year sentences of imprisonment, the maximum allowable for burglary, are excessive in light of his youth, minimal criminal record, and rehabilitative potential. Acknowledging that a sentence of imprisonment "may be appropriate," defendant requests that we exercise our authority under Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)) and reduce his term of imprisonment to three years.

After examining the record, we are satisfied that the trial court considered, weighed, and incorporated into its sentencing decision the factors which the defendant now argues mandate a less severe sentence. His lack of rehabilitative potential is shown by his commission of a felony, the basis for the probation revocation proceeding, within months after he was placed on probation. Despite his youth, 19 years old at the time of his sentence, and the lack of any prior serious criminal convictions, the defendant participated in a substantial number of burglaries which led to his original convictions and which support the trial court's sentence. (See *People v. Jenkins* (1980), 88 Ill. App. 3d 719, 727, 410 N.E.2d 1145.) The trial judge is in the best position to fashion a suitable sentence and, absent an abuse of discretion, it is not our function to substitute our judgment for that of the trial court merely because we feel that we would have imposed a different sentence had that function been ours. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154-56, 368 N.E.2d 882.) We find no abuse of sentencing discretion in the instant case.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

NASH, P.J., and UNVERZAGT, J., concur.