**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230420-U

Order filed December 8, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0420 Circuit No. 16-CF-602 |
| WILLIAM N. KRASAWSKI, | ) ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justice Peterson concurred in the judgment.
Justice Holdridge specially concurred.

_____

**ORDER**

¶ 1    *Held*:   The court properly dismissed defendant's postconviction petition at the second stage.

¶ 2    Defendant, William N. Krasawski, appeals from the second-stage dismissal of his postconviction petition, arguing he made a substantial showing of a constitutional violation, requiring a third-stage evidentiary hearing. Specifically, defendant contends the Will County

circuit court "committed plain error" during trial by failing to admonish the jury not to speak or communicate with anyone while viewing the exhibits in the courtroom. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Defendant was charged with two counts of first degree murder (720 ILCS 5/9-1(a)(2) (West 2016)) for killing Michael Oram and Jamie Willis on March 9, 2016. The facts of defendant's trial were previously set out on direct appeal. *People v. Krasawski*, 2021 IL App (3d) 180741-U, ¶¶ 4-33. Relevant to this appeal, during jury deliberations, the jury asked to view two exhibits: a video of a three-dimensional model of the scene of the murders previously shown on the computer and a handmade diagram defendant had drawn for the police when he gave his statement. The court discussed that it was hesitant to send these items back to the jury room as they could "be manipulated." The court thus suggested bringing the jury back into the courtroom to view the exhibits. The State and defendant agreed. The State, defendant, defense counsel, and the judge were present in the courtroom. The court did not provide any instructions to the individuals present in the courtroom or the jury. After approximately 10 minutes, the court asked, "Anybody need more time? [Juror], you need more time?" A juror responded, "We are good." The jury returned to the jury room and continued deliberations.

¶ 5        The jury found defendant guilty of both counts of first degree murder. Defendant was sentenced to life imprisonment. On direct appeal, defendant argued (1) the court erred by allowing the jury to view the evidence in open court after deliberations had begun and (2) the State failed to prove him guilty beyond a reasonable doubt. *Id.* ¶ 37. During the pendency of his appeal, the supreme court foreclosed the former argument with its decision in *People v. Hollahan*, 2020 IL 125091, ¶ 25. *Krasawski*, 2021 IL App (3d) 180741-U, ¶ 37. Defendant admitted in his reply brief that the *Hollahan* decision controlled the issue. *Id.* This court stated,

"*Hollahan* obviates defendant's arguments on this point," determined there was sufficient evidence, and affirmed defendant's convictions. *Id.* ¶¶ 37, 51.

¶ 6        Defendant filed a postconviction petition on December 14, 2021, arguing, *inter alia*, that his due process rights were denied because the court erred when it allowed the jury to deliberate in the courtroom. Defendant's affidavit stated, "During deliberations the jurors were invited back into the courtroom where they continued to deliberate in public and in separate subgroups. During the public deliberations there were no less than 30 people who were allowed to watch the jury engage in conversation." Defendant also attached an affidavit from his aunt, which stated,

> "I was in the courtroom when the judge allowed the jury to deliberate in the courtroom. I was able to observe the jurors talking while looking at a TV. They talked for about 10 min. in the courtroom and then left. [T]here were also approx. 20 people seated in the 'viewing area' who also witnessed the jury deliberating in the courtroom."

Defendant's petition was advanced to the second stage, where he filed an amended petition raising substantially the same issue. Defendant represented himself throughout the postconviction proceedings.

¶ 7        The State filed a motion to dismiss the petition on October 7, 2022. On June 22, 2023, defendant was allowed to supplement his petition with an affidavit from Martha Serrato, a member of defendant's jury, dated April 26, 2023. Serrato's affidavit stated, "We jurors were invited back into the courtroom to review the requested exhibits; *** [t]here were jurors who spent a few moments discussing the exhibits as they were being shown to us; *** [t]here were people in the courtroom during this procedure." A hearing on the State's motion to dismiss was held on August 10, 2023. The State argued that defendant's claim was forfeited and barred by

3

*res judicata*. The court took the matter under advisement before dismissing defendant's petition on September 13, 2023. Defendant appealed.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, defendant argues the court erred in dismissing his second-stage postconviction petition. Specifically, defendant contends the court "committed plain error" by failing to admonish the jury not to speak or communicate with anyone while viewing the exhibits. The Post-Conviction Hearing Act (Act) permits a criminal defendant to challenge the proceedings which resulted in his conviction by asserting that "there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2022). Postconviction proceedings allow inquiry into constitutional issues involved in the original conviction and sentence that were not and could not have been previously adjudicated on direct appeal. *People v. Lucas*, 203 Ill. 2d 410, 417-18 (2002). To be entitled to postconviction relief, defendant bears the burden of making a substantial showing of a constitutional violation in the proceeding. 725 ILCS 5/122-1(a) (West 2022); *People v. Pendleton*, 223 Ill. 2d 458, 471 (2006).

¶ 10       The Act provides for three stages of postconviction proceedings. *Pendleton*, 223 Ill. 2d at 471-72. At the first stage, the circuit court must either dismiss the petition if it is frivolous or patently without merit or docket the petition for further consideration. 725 ILCS 5/122-2.1(a)(2), (b) (West 2022); *Pendleton*, 223 Ill. 2d at 472. At the second stage of the proceedings, if the allegations in the petition, as supported by the record or accompanying affidavits, have made a substantial showing of a constitutional violation, the postconviction proceedings advance to a third-stage evidentiary hearing. 725 ILCS 5/122-6 (West 2022); *Pendleton*, 223 Ill. 2d at 472-73.

At the second stage, the operative inquiry is whether the facts pled by defendant, if proven true at an evidentiary hearing, would entitle him to relief. *People v. Domagala*, 2013 IL 113688, ¶ 35.

¶ 11 Here, defendant only argues that the petition should be advanced to the third stage for an evidentiary hearing because the court "committed plain error" by failing to admonish the jury to not communicate with anyone while viewing the exhibits. The plain error doctrine "permits a court on *direct appeal* to take notice of plain errors and defects affecting substantial rights which were not brought to the attention of the trial court." (Emphasis added.) *People v. Owens*, 129 Ill. 2d 303, 316 (1989). The plain error doctrine "may not be invoked when a defendant collaterally attacks his conviction or sentence under the *** Act." *Id.* "[O]nce the defendant's conviction and sentence are reviewed and affirmed on direct appeal, the State has a legitimate interest in preserving the finality of that affirmance." *Id.* Collateral attacks upon the conviction threaten that finality. *Id.* Therefore, "to permit the review, under the plain error rule, of procedurally defaulted claims that are raised for the first time in a post-conviction petition would deprive the affirmance on direct appeal of significance." *Id.* at 316-17. Defendant therefore may not invoke the plain error doctrine and his failure to raise any other argument is itself a sufficient basis to affirm the circuit court. See *People v. Accardo*, 139 Ill. App. 3d 813, 817 (1985) (declining to address the merits of the defendant's argument where the plain error doctrine could not be applied); see also *People v. Rynders*, 2024 IL App (5th) 220409-U, ¶¶ 20-21.

¶ 12 Moreover, defendant's claim is barred by the common law doctrines of *res judicata* and forfeiture. *Res judicata* bars consideration of issues raised and decided on direct appeal while issues that could have been raised, but were not, are considered forfeited. *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002). Forfeiture and *res judicata* are rules of administrative convenience and exceptions may be made "where fundamental fairness so requires; where the

5

alleged [forfeiture] stems from the incompetence of appellate counsel; or where facts relating to the claim do not appear on the face of the original appellate record." (Internal quotation marks omitted.) *Id.* at 458. A defendant cannot avoid the bar of *res judicata* by simply rephrasing issues previously addressed on direct appeal. *People v. Simms*, 192 Ill. 2d 348, 360 (2000). Further, defendant cannot avoid the bars of *res judicata* and forfeiture simply by submitting new evidence which "relates back to the facts known at trial and in the record." *People v. Carroll*, 2024 IL App (4th) 231207, ¶ 56, *pet. for leave to appeal granted*, No. 131360 (May 28, 2025).

¶ 13        Here, defendant challenged the procedure employed by the court in permitting the jury to review the evidence in the courtroom on direct appeal, but conceded the issue based on *Hollahan*. Defendant now resubmits this previously conceded issue. Defendant's use of "different terminology and some additional allegations" is insufficient to circumvent the doctrine of *res judicata*. See *People v. Kimble*, 348 Ill. App. 3d 1031, 1034 (2004). Further, even if his claim was sufficiently distinct such that it was not barred by *res judicata*, defendant was aware at the time of his direct appeal that the court did not admonish the jury and that some jurors whispered while viewing the exhibits. Instead of submitting his affidavit in a posttrial motion, objecting to the lack of any admonishment, or ensuring the record reflected the fact that jurors communicated while viewing the exhibit, defendant waited until his direct appeal was decided to bring this claim. The failure to raise the issue on direct appeal despite being aware of the issue constitutes forfeiture. *Pitsonbarger*, 205 Ill. 2d at 456. Defendant does not provide a compelling reason to excuse his forfeiture, such as arguing that counsel was ineffective for failing to raise this issue. We therefore agree with the circuit court that defendant has failed to make a substantial showing of a denial of a constitutional right which would entitle him to relief. As a result, the court did not err in dismissing defendant's second-stage postconviction petition.

6

¶ 14                                     III. CONCLUSION

¶ 15            The judgment of the circuit court of Will County is affirmed.

¶ 16            Affirmed.

¶ 17            JUSTICE HOLDRIDGE, specially concurring:

¶ 18            I concur with the majority's decision affirming the circuit court's judgment. However, I believe this outcome to be a travesty. On direct appeal the defendant's counsel argued that the court erred by allowing the jury to view evidence in open court after deliberations had begun, without admonishments not to speak or communicate while viewing the exhibits. The defendant's counsel then chose to abandon that argument during the pendency of the direct appeal after the issuance of *People v. Hollahan*, 2020 IL 125091, conceding that *Hollahan* controlled the issue. Here, just as in its decision on direct appeal, this court found that "*Hollahan* obviates defendant's arguments on this point." *Supra*, ¶ 5. I disagree.

¶ 19            Although similar to the present case, the facts of *Hollahan* regarding the showing of video evidence to the jurors in the courtroom after deliberations had begun are distinctly different than in the present case. In *Hollahan*,

> "[t]he court also advised the jury that it had 'instructed everyone to not say a word.' There is no suggestion of record that anyone *did* say a word—not the court, not the attorneys, and not the jurors. More to the point, there is no suggestion that the jurors communicated amongst themselves while in the courtroom. In short, deliberations did not take place while the jury was reviewing the video." 2020 IL 125091, ¶ 25.

¶ 20            Unlike in *Hollahan*, the record indicates that in the present case there was no admonishment by the trial court to the jury--or anyone else in the courtroom--that they were not

7

to speak or deliberate in the courtroom. The defendant also has provided compelling evidence that members of the jury did indeed deliberate in the courtroom. *Hollahan*'s holding was premised on the fact that jury deliberations may properly be suspended when, for example, the jury goes home or, as in that case, when it enters the courtroom to review evidence. See *id*. There was no suspension of deliberations here. Had the argument been made on direct appeal that the facts of the defendant's case were distinguishable from *Hollahan* for these reasons, or had the defendant raised a claim of ineffective assistance of counsel in the present appeal for this reason, a different outcome may have been possible. Given the state of the record as described above, I concur with the majority's decision to affirm the circuit court's dismissal of the defendant's postconviction petition.