**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 240498-U

Order filed March 17, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-24-0498 Circuit No. 19-CF-1243 |
| EDWARD J. MITZELFELD, | ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Hettel and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  Defendant forfeited his argument that his conviction should be reduced to second degree murder where he failed to raise it in the circuit court.

¶ 2    Defendant, Edward J. Mitzelfeld, appeals from his conviction for first degree murder, arguing his conviction should be reduced to second degree murder where he had a genuine but unreasonable belief in the need to defend himself. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4        On June 21, 2019, defendant was indicted on five counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2018)) for stabbing his mother, Frances Kelly, causing her death. The State ultimately amended the indictment to include additional allegations of strangulation. Prior to trial, defense counsel filed a notice of intent to assert the affirmative defense of insanity.

¶ 5        The case proceeded to a bench trial. The evidence at trial established that defendant lived with Kelly. She was 93 years old and suffered from dementia. Defendant had schizophrenia and could not work. On May 24, 2019, defendant went to the police station and told officers that Kelly had put a curse on him and his vehicle. The next day, he was involved in a serious car accident where he hit the back of a truck while driving 105 miles per hour. Defendant told officers on the scene that the vehicle had accelerated. Defendant suffered from acute psychosis in the days leading up to the killing.

¶ 6        Defendant told officers that on May 29, 2019, he was relaxing at home, but Kelly was sending "power surges" to his head. He stated, "I couldn't get her out of my head, *** so she just kept coming in *** and I told her to stop but she wouldn't stop." Defendant could not take the "power surges" anymore so he attempted to strangle Kelly before ultimately stabbing her. Defendant waited to call 911 until he was sure Kelly was dead. An autopsy confirmed that Kelly had two stab wounds to the left side of her neck and 15 stab wounds to her back. The cause of her death was multiple sharp force injuries with blunt force trauma and strangulation as contributing factors. At one point, defendant told officers that he "wanted [Kelly] dead [his] whole life." He then stated, "it was within the past few days that he actually wanted to go through with it."

¶ 7        A defense expert opined that defendant was experiencing a relapse of his schizophrenic symptoms in the days leading up to the killing, in the form of delusions and hallucinations. The expert opined that, because of his impaired connection to reality, defendant did not appreciate the

criminality of his conduct at the time of the killing. However, a State expert testified that defendant was able to appreciate the criminality of his conduct and was not legally insane. In closing arguments, both parties solely argued regarding whether defendant was insane at the time of the offense.

¶ 8 The court found that the State proved the elements of first degree murder beyond a reasonable doubt. Regarding the affirmative defense of insanity, the court found that defendant did suffer from a mental disease. However, it found that "the evidence [was] not of such a character as to meet the defense's burden to show by clear and convincing evidence that he lacked the substantial capacity to appreciate the criminality of his conduct." Therefore, the court found defendant guilty but mentally ill. Defendant filed a motion to reconsider or for a new trial, asking that the court grant a new trial based on errors in the testimony or find defendant not guilty by reason of insanity. The court denied the motion, and defendant was sentenced to 27 years' imprisonment.

¶ 9                                  II. ANALYSIS

¶ 10 On appeal, defendant argues that we should reduce his conviction for first degree murder where the evidence at trial established that he had a genuine but unreasonable belief in the need to defend himself against Kelly. He does not challenge the sufficiency of the evidence to convict him of first degree murder. We find that defendant forfeited this issue by failing to raise it during trial or in a posttrial motion. *People v. Meras*, 284 Ill. App. 3d 157, 165 (1996).

¶ 11 A defendant is guilty of second degree murder if "he commits the offense of first degree murder and at the time of killing he (1) is acting under a sudden and intense passion resulting from serious provocation by the individual killed or (2) he believes the circumstances justify using self-defense, but his belief is unreasonable." *People v. Hayes*, 2022 IL App (4th) 210409, ¶ 55.

3

"To be guilty of second degree murder based on an unreasonable belief in self-defense, the defendant must prove by preponderance of the evidence that all of the first five elements of self-defense existed, which are as follows: (1) force is threatened against the person, (2) the person threatened is not the aggressor, (3) the danger of harm was imminent, (4) the threatened force was unlawful, and (5) the defendant actually and subjectively believed a danger existed that required the use of force applied." *People v. Mujkovic*, 2022 IL App (1st) 200717, ¶ 26.

Once a defendant affirmatively raises self-defense, the burden shifts to the State to prove that the use of force was not justified beyond a reasonable doubt, in addition to the other elements of first degree murder. *Id.*

¶ 12　　　Defendant never sought to prove that his conviction should be mitigated to second degree murder; his theory of the case was that he was insane at the time of the offense. "Defendant had the opportunity to pursue a conviction of a lesser-included offense at trial. 'Having refused to act on that opportunity, defendant cannot now be heard to argue that missed opportunity as a basis for the reduction of the degree of [the] conviction.' " *People v. Elsesser*, 2024 IL App (4th) 230092-U, ¶ 57 (quoting *People v. Maxwell*, 89 Ill. App. 3d 1101, 1104 (1980)).

¶ 13　　　Self-defense is an affirmative defense that must be raised in the circuit court. See *People v. Bardsley*, 2017 IL App (2d) 150209, ¶ 17. "[T]he mere presence in the State's evidence of facts sufficient to permit a defendant to raise a defense is not by itself sufficient to trigger the requirement that the State disprove the defense." *Id.* "[T]he main reason a defendant must specifically raise an affirmative defense is to alert the State to what it must rebut. That purpose demands that the defendant raise the defense when the State can present further evidence or argument." *Id.* ¶ 23.

4

¶ 14    Here, defendant solely argued that he was insane at the time he killed Kelly. He never raised the affirmative defense of self-defense, nor did he argue that he should only be convicted of second degree murder based on imperfect self-defense. Defendant has forfeited this issue by raising it for the first time on appeal. See *Meras*, 284 Ill. App. 3d at 165; *Elsesser*, 2024 IL App (4th) 230092-U, ¶ 57. Defendant has cited no case law for the proposition that forfeiture does not apply in this instance and has failed to provide any reason why we should forgive his forfeiture in this case.

¶ 15                                    III. CONCLUSION

¶ 16    The judgment of the circuit court of Du Page County is affirmed.

¶ 17    Affirmed.